1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff, Daniel Cervantes*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

### UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CERVANTES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICA HOTELS, LLC d/b/a GOLDEN SAILS HOTEL, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181<br>2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Cervantes ("Plaintiff") brings this action based upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of his attorneys.

### NATURE OF THE ACTION

1. Plaintiff is a visually impaired and legally blind individual who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2. Plaintiff brings this Complaint to secure redress against Pacifica Hotels, LLC d/b/a Golden Sails Hotel (hereafter "Defendant"), and DOES 1-10, for its failure to design, construct,

maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff.  Defendant's denial of full and equal access to its website, and therefore denial of its goods and services offered thereby and in conjunction with its physical location, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.      Because Defendant's website, https://www.goldensailshotel.com/ (the "website" or "Defendant's website"), is not fully or equally accessible to blind and visually impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to Plaintiff.

**THE PARTIES**

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of the County of Sacramento.  Plaintiff is a legally blind, visually impaired, handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

5.      Defendant is a California limited liability company with its headquarters in Anaheim, California.  Defendant's servers for the website are in the United States.  Defendant conducts a large amount of its business in California.  The physical location where Defendant's goods and services are sold to the public constitutes a place of public accommodation. Defendant's hotel provides to the public important goods and services.  Defendant's website provides consumers with access to the best waterfront hotel with gorgeous views and the most affordable deals in a fantastic location.  Consumers can access information regarding Defendant's selection of hotel rooms and rates, PCH club—Defendant's full bar, specials and packages, event venues, Defendant's area guide, Defendant's photo gallery, and reservations.  Consumers can further access information regarding Defendant's amenities, Defendant's contact information, Defendant's social media webpages, Defendant's location, career opportunities, Defendant's loyalty program—Pacifica perks, and subscribing to receive Defendant's specials.

6.      Plaintiff is unaware of the true names, identities, and capacities of each Defendant

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true

2    names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes,

3    and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some

4    manner for the events and happenings alleged herein and that each Defendant sued herein as a

5    DOE proximately caused injuries and damages to Plaintiff as set forth below.

6         7.      Defendant's hotel is a public accommodation within the definition of Title III of

7    the ADA, 42 U.S.C. § 12181(7).

8         8.      The website, https://www.goldensailshotel.com/, is a service, privilege, or

9    advantage of Defendant's services, products, and location.

10                              **JURISDICTION AND VENUE**

11        9.      Defendant is subject to personal jurisdiction in this District.  Defendant has been

12   and continues to commit the acts or omissions alleged herein in the Eastern District of California,

13   that caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff.   A

14   substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern

15   District of California.  Specifically, on several separate occasions, Plaintiff has been denied the

16   full use and enjoyment of the facilities, goods, and services of Defendant's website in Sacramento

17   County.  The access barriers Plaintiff has encountered on Defendant's website have caused a

18   denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a

19   regular basis from accessing Defendant's website.  Similarly, the access barriers Plaintiff has

20   encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods

21   and services offered at Defendant's brick-and-mortar location.

22        10.     This Court also has subject-matter jurisdiction over this action pursuant to 28

23   U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42

24   U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1367.

25        11.     This Court has personal jurisdiction over Defendant because it conducts and

26   continues to conduct a substantial and significant amount of business in the State of California,

27   County of Sacramento, and because Defendant's offending website is available across California.

28        12.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

1  because Plaintiff resides in this District, Defendant conducts and continues to conduct a

2  substantial and significant amount of business in this District, Defendant is subject to personal

3  jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred

4  in this District.

5  **THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

6  13.    The Internet has become a significant source of information, a portal, and a tool

7  for conducting business, doing everyday activities such as shopping, learning, banking,

8  researching, as well as many other activities for sighted, blind, and visually impaired persons

9  alike.

10  14.    In today's tech-savvy world, blind and visually impaired people have the ability to

11  access websites using keyboards in conjunction with screen access software that vocalizes the

12  visual information found on a computer screen.  This technology is known as screen-reading

13  software.  Screen-reading software is currently the only method a blind or visually impaired

14  person may use to independently access the internet.  Unless websites are designed to be read by

15  screen-reading software, blind and visually impaired persons are unable to fully access websites,

16  and the information, products, and services contained thereon.

17  15.    Blind and visually impaired users of Windows operating system-enabled

18  computers and devices have several screen-reading software programs available to them.  Some

19  of these programs are available for purchase and other programs are available without the user

20  having to purchase the program separately. Job Access With Speech, otherwise known as

21  "JAWS," is currently the most popular, separately purchased and downloaded screen-reading

22  software program available for a Windows computer.

23  16.    For screen-reading software to function, the information on a website must be

24  capable of being rendered into text.  If the website content is not capable of being rendered into

25  text, the blind or visually impaired user is unable to access the same content available to sighted

26  users.

27  17.    The international website standards organization, the World Wide Web

28  Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

4

COMPLAINT AND DEMAND FOR JURY TRIAL

of the Web Content Accessibility Guidelines ("WCAG 2.1" hereinafter). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are adopted, implemented, and followed by most large business entities who want to ensure their websites are accessible to users of screen-reading software programs. Though WCAG 2.1 has not been formally adopted as the standard for making websites accessible, it is one of, if not the most, valuable resource for companies to operate, maintain, and provide a website that is accessible under the ADA to the public.

18.     Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019*), cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019).   This is in addition to the numerous courts that have already recognized such application.

19.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f).

20.     Further, Defendant's actions and inactions denied Plaintiff full and equal access to their accommodations, facilities, and services.  A substantial motivating reason for Defendant to deny Plaintiff access was the perception of Plaintiff's disability.  Defendant's denial of Plaintiff's accessibility was a substantial motivating reason for Defendant's conduct.  Plaintiff was harmed due to Defendant's conduct.  Defendant's actions and inactions were a substantial factor in causing the lack of access to Plaintiff.  Unruh Civil Rights Act, Cal. Civ. Code § 51.

21.     Inaccessible or otherwise non-compliant websites pose significant access barriers to blind and visually impaired persons.  Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

      a.  A text equivalent for every non-text element is not provided;

      b.  Title frames with text are not provided for identification and navigation;

      c.  Equivalent text is not provided when using scripts;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

d.   Forms with the same information and functionality as for sighted persons are not provided;

e.   Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f.   Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g.   If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h.   Web pages do not have titles that describe the topic or purpose;

i.   The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j.   One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.   The default human language of each web page cannot be programmatically determined;

l.   When a component receives focus, it may initiate a change in context;

m.   Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.   Labels or instructions are not provided when content requires user input;

o.   In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p.   Inaccessible Portable Document Format (PDFs); and

q.   The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents,

1  including assistive technology.

2  **FACTUAL BACKGROUND**

3  22.  Defendant offers the https://www.goldensailshotel.com/ website to the public.

4  The website offers features which should allow all consumers to access the goods and services

5  which Defendant offers in connection with its physical location.  The goods and services offered

6  by Defendant include, but are not limited to, the following: rooms such as the traditional king

7  guest room, traditional 2 queen guest room, deluxe 2 queen guest room, deluxe tower king guest

8  room, king jacuzzi guest room, tower king studio guest room, accessible 2 queen guest room with

9  roll-in shower, and accessible 2 queen guest room with walk-in shower; in-room amenities that

10  include complimentary Wi-Fi, air conditioning, 32" flat-screen tv with cable, AM/FM alarm clock

11  radio, microwave, mini refrigerator, work desk and chair, single cup Haus Maid coffee maker,

12  hairdryer, terra green bath amenities, iron and ironing board, pet-friendly rooms, and walk-in

13  showers or roll-in showers in specified ADA room types; specials such as the Stay Longer, Save

14  More and Book Early, Save 30% special; and meeting and event rooms for large and small events.

15  Furthermore, Defendant's website allows consumers to access information regarding hotel

16  amenities, Defendant's full bar—PCH club, Defendant's area guide, Defendant's photo gallery,

17  reservations, Defendant's loyalty program--Pacifica perks, Defendant's location, Defendant's

18  contact information, signing up to receive special deals and packages, career opportunities, and

19  Defendant's social media webpages—Facebook, Instagram, and TripAdvisor.

20  23.  Based on information and belief, it is Defendant's policy and practice to deny

21  Plaintiff access to Defendant's website, and to therefore specifically deny the goods and services

22  that are offered and integrated within Defendant's hotel.  Due to Defendant's failure and refusal

23  to remove access barriers on its website, Plaintiff has and is still being denied equal and full access

24  to Defendant's hotel and the numerous goods, services, and benefits offered to the public through

25  Defendant's website.

26  **DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §**

27  **51(f) DENY PLAINTIFF ACCESS**

28  24.  Plaintiff is a visually impaired and legally blind person, who cannot use a computer

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

without the assistance of screen-reading software.  However, Plaintiff is a proficient user of the JAWS or NV ACCESS screen-reader(s) as well as Mac's VoiceOver and uses it to access the internet.  Plaintiff has visited https://www.goldensailshotel.com/ on several separate occasions using the JAWS and/or VoiceOver screen-readers.

25.     During Plaintiff's numerous visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's website.  Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website.  Similarly, the access barriers Plaintiff has encountered on Defendant's website have deterred Plaintiff from visiting Defendant's physical location.

26.     While attempting to navigate Defendant's website, Plaintiff encountered multiple accessibility barriers for blind or visually impaired people that include, but are not limited to, the following:

a.  Lack of Alternative Text ("alt-text"), or a text equivalent.  Alt-text is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader.  For graphics or images to be fully accessible for screen-reader users, it requires that alt-text be coded with each graphic or image so that screen-reading software can speak the alt-text to describe the graphic or image where a sighted user would just see the graphic or image.  Alt-text does not change the visual presentation, but instead a text box shows when the cursor hovers over the graphic or image.  The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic.

b.  or purpose of the link to not be presented to the user.  This can introduce confusion for keyboard and screen-reader users;

c.  Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

users; and

    d.   Linked Images missing alt-text, which causes problems if an image within a link does not contain any descriptive text and that image does not have alt-text. A screen reader then has no content to present the user as to the function of the link, including information or links for and contained in PDFs.

27.    Recently in 2022, Plaintiff attempted to do business with Defendant on Defendant's website and Plaintiff encountered barriers to access on Defendant's website. Plaintiff has visited prior iterations of the website, https://www.goldensailshotel.com/, and also encountered barriers to access on Defendant's website.

28.    Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website.  Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred from accessing Defendant's website.  Likewise, based on the numerous access barriers Plaintiff has been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's hotel and from making purchases at such physical location.

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S HOTEL LOCATION TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE AMERICANS WITH DISABILITIES ACT

29.    In the Ninth Circuit a denial of equal access to a website can support an ADA claim if the denial has prevented or impeded a visually impaired plaintiff from equal access to, or enjoyment of, the goods and services offered at the defendant's physical facilities.  *See Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th, 1048, 1063 (2020) (citing *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019)).

30.    Defendant's website is subject to the ADA because the website facilitates access to the goods and services offered in Defendant's hotel, a place of public accommodation, such as by allowing consumers to make reservations, explore amenities, and request information related to booking events spaces.  Thus, since the Website "facilitate[s] access to the goods and services

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

9

of a place of public accommodation", the Website falls within the protection of the ADA because the Website "connects customers to the goods and services of [Defendant's] physical" hotel. *Id.* at 905.

31.     Defendant's website is replete with barriers, including but not limited to, links that do not have accessible names.  When an element does not have an accessible name, screen-readers announce it with a generic name, making it unusable for users who rely on screen-readers. As a result, Plaintiff who desired to find more information about Defendant's rooms and complete a booking, could not complete his transaction as a sighted person could.  If Defendant had sufficiently coded the buttons on its website to be readable and editable by Plaintiff's screen-reader, Plaintiff would have been able to interact with these elements and complete a purchase as a sighted person could.

32.     Accordingly, Plaintiff was denied the ability to browse and make a reservation, because Defendant failed to have the proper procedures in place to ensure that content uploaded to the Website contains the proper coding to convey the meaning and structure of the Website and the goods and services provided by Defendant.

**DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE**

33.     Due to the inaccessibility of the Defendant's website, blind and visually impaired customers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities and services Defendant offers to the public on its website.  The access barriers Plaintiff has encountered have caused a denial of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular basis from accessing the website.

34.     These access barriers on Defendant's website have deterred Plaintiff from visiting Defendant's physical location and enjoying it equal to sighted individuals.  Plaintiff intends to visit the Defendant's location in the near future if Plaintiff could access Defendant's website.

35.     If the website were equally accessible to all, Plaintiff could independently navigate the website and complete a desired transaction, as sighted individuals do.

36.     Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

visually impaired people.

37.     Because simple compliance with WCAG 2.1 would provide Plaintiff with equal access to the website, Plaintiff alleges that Defendant engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices: constructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff; failing to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

38.     The Defendant uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

39.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy …. 42 U.S.C. § 12188(a)(2).

40.     Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.  The website must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.  Plaintiff seeks that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1 guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website complies under the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WCAG 2.1 guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website, with contact information for users to report accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to the disabled by conforming with WCAG 2.1.

41.     If Defendant's website were accessible, Plaintiff could independently access information about the services offered, and goods available for online purchase.

42.     Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

43.     Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website, and Defendant has generated significant revenue from Defendant's website.  These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers.

44.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's website, violating their rights.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ.*

45.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44, inclusive, of this Complaint as if set forth fully herein.

46.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

47.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

48. Defendant's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*. Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its location, related services, privileges, advantages, and accommodations, and its website, https://www.goldensailshotel.com/, is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff. This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant makes available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1  privileges, advantages, and accommodations provided by https://www.goldensailshotel.com/.

2  These violations are ongoing.

3       49.     Defendant's actions constitute intentional discrimination against Plaintiff on the

4  basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

5  in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website

6  in this inaccessible form; and has failed to take adequate actions to correct these barriers even

7  after being notified of the discrimination that such barriers cause.

8       50.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth

9  and incorporated therein, Plaintiff requests relief as set forth below.

10                               **COUNT II**

11  **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §**

12                        **51 *ET SEQ*.**

13       51.     Plaintiff alleges and incorporates herein by reference each and every allegation

14  contained in paragraphs 1 through 50, inclusive, of this Complaint as if set forth fully herein.

15       52.     Defendant's location is a "business establishment" within the meaning of the

16  California Civil Code § 51 *et seq*.  Defendant generates millions of dollars in revenue from the

17  sale of its services in California through its location and related services, and

18  https://www.goldensailshotel.com/ is a service provided by Defendant that is inaccessible to

19  customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired

20  customers full and equal access to Defendant's facilities and services that Defendant makes

21  available to the non-disabled public.  Defendant is violating the Unruh Civil Rights Act,

22  California Civil Code § 51 *et seq*., in that Defendant is denying visually impaired customers the

23  services provided by https://www.goldensailshotel.com/.  These violations are ongoing.

24       53.     Defendant's actions constitute intentional discrimination against Plaintiff on the

25  basis of a disability in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

26  in that: Defendant has constructed a website that is inaccessible to Plaintiff ; maintains the website

27  in this inaccessible form; and has failed to take adequate actions to correct these barriers even

28  after being notified of the discrimination that such barriers cause.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

54.     Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq*.  Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

55.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

56.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

57.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

58.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make https://www.goldensailshotel.com/ readily accessible to and usable by visually impaired individuals.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.      A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make https://www.goldensailshotel.com/ readily accessible to and usable by visually-impaired individuals;

B.      An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code.

C.      For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

D.      For pre-judgment interest to the extent permitted by law;

COMPLAINT AND DEMAND FOR JURY TRIAL

1     E.      For costs of suit; and

2     F.      For such other and further relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, hereby demands a jury trial for all claims so triable.

Dated: June 10, 2022                Respectfully Submitted,

                          */s/ Thiago M. Coelho*

                          Thiago M. Coelho

                          Binyamin I. Manoucheri

                          **WILSHIRE LAW FIRM**

                          *Attorneys for Plaintiff*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL